**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JESSE WALL,<br><br>Plaintiff,<br><br>v.<br><br>AMY BERMAN JACKSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01963 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues a district judge of this court, purporting to challenge actions taken in a matter over which defendant presided, *see Wall v. WMATA*, No. 25-cv-01608 (ABJ) (D.D.C. filed May 2025) ("*Wall I*"), *see* Compl. at 1, but instead of pointing to anything specific, he pivots, raising vague and esoteric non-sequitur discussions regarding his status as "a separate sovereign territorial entity," diplomacy channels, and the Vienna Convention on Diplomatic Relations, *see id*. at 1–3. He demands damages, equitable relief, and declares his intent to ignore the orders issued in *Wall I*. *See id.* at 2–3.

First, Plaintiff's claims are largely frivolous. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Complaint qualifies. This Court is obligated to

dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), because it cannot exercise subject matter jurisdiction over such frivolous claims, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

Second, and insofar as Plaintiff asks this Court to review the decisions made or actions taken in *Wall I*, it bears no such subject matter jurisdiction. A federal district court generally lacks subject matter jurisdiction to review or alter any of the decisions or actions of another federal district court, or to exert jurisdiction over another federal district judge. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Prentice v. U.S. Dist. Court for Eastern Dist. of Michigan, Southern Div.*, 307 F. App'x. 460 (D.C. Cir. Oct. 29, 2008) (per curiam) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)); *see also Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may review the actions of judges or officers of another federal court); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Put differently, as here, a district judge "cannot review decisions made by another District Judge." *Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see also, e.g.*, 28 U.S.C. §§ 1331–1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam). If Plaintiff seeks review of

*Wall I*, he may attempt to file for reconsideration in that case, or he may attempt to file an appeal in the United States Court of Appeals for the D.C. Circuit. *See id*.

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 26, 2026

/s/
AMIT P. MEHTA
United States District Judge